IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN HAROLD JONES, § | | |
| ID # 42057-080, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-1349-X-BW | |
| § | | |
| ROBYN BECKHAM, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Martin Harold Jones's pro se complaint received on May 30, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint with prejudice.

**I.  BACKGROUND**

Jones, a federal prisoner incarcerated at FCI Fairton in Fairton, New Jersey, filed this civil rights action against Robyn Beckham, an assistant district attorney of Kaufman County, Texas; Bryan Beavers, Kaufman County Sheriff; and Conner Martin, a police officer for the City of Crandall. (*See* Dkt. No. 3.) He names each of the defendants in their individual and official capacities. (*See id.* at 1.) Jones alleges that Martin arrested him without probable cause on September 24, 2023, that Sheriff Beavers detained him in jail without probable cause, and that ADA Beckham made

---

[1] By Special Order No. 3-251, this pro se case has been referred for full case management.

the decision to bring charges against him without first testing the substance recovered at the time of his arrest, which in his view was "an abuse of process." (Dkt. No. 3 at 3, 5-6.) Jones further alleges that, as a result of his arrest, the Texas Department of Criminal Justice issued a warrant for violation of conditions of his release and that, on March 27, 2025, the Kaufman County District Attorney's Office moved to dismiss the charges against him. (*Id.* at 5.)

Jones attaches to his complaint the Crandall Police Department report from his arrest on September 24, 2023. (Dkt. No. 3 at 8-11.) In the report, Officer Martin documents that, while on patrol, he saw a car at the Dollar General parked in a fire lane instead of a parking spot. (*Id.*) Officer Martin walked around the vehicle and noticed that no one was inside and that there were no keys in the ignition. (*Id.*) While outside the vehicle, Officer Martin looked through an open window and saw a clear plastic baggie containing a white crystal substance that, based on his training and experience, he recognized as methamphetamine. (*Id.*) Officer Martin went inside the store and made contact with Jones and his wife, who claimed ownership of the car and said they were about to finish their business in the store. (*Id.*) Officer Martin went outside to wait for the couple. (*Id.*) Once they returned to the car, Jones confirmed that he had driven the car to the store. (*Id.*) After Jones got back into the driver's seat, Officer Martin stopped Jones, removed him from the car, and placed him in handcuffs. (*Id.*) Officer Martin then opened the driver's door and removed the baggie of suspected methamphetamine. (*Id.*) The report notes that,

without having been questioned, Jones stated that the substance was his and that his wife had no knowledge of it. (*Id.* at 10.)

On November 27, 2024, United States District Judge Terry R. Means entered judgment revoking Jones's supervised release in *United States v. Martin Harold Jones*, No. 4:03-CR-205-Y (N.D. Tex.) ("Case No. 205"). According to the judgment, after a hearing was held, Judge Means determined that Jones violated his conditions of supervised release in several ways, including in September 2023 by "[c]omitting the state offense of possession of controlled substance penalty group 1, greater than or equal to four grams but less than 200 grams, in violation of Texas Health & Safety Code § 481.115(c)." (Case No. 205, Dkt. No. 101 at 1.)

Jones alleges that Officer Martin violated the Fourth Amendment by opening his car door and seizing the baggie and again by arresting him without probable cause. (*See* Dkt. No. 3 at 7.) He avers that Sheriff Beavers detained him and that ADA Beckham filed charges against him without probable cause. (*See id.* at 6.) He seeks a monetary settlement or damages of $150,000. (*Id.* at 4.)

## II.  PRELIMINARY SCREENING

Jones is a prisoner who has been permitted to proceed in forma pauperis ("IFP") in this action. (*See* Dkt. No. 6.) As a prisoner seeking redress from state agencies and officers, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998). Because he is proceeding IFP, his complaint also is subject to screening under § 1915(e)(2).

Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted.  *Twombly*, 550 U.S. at 555.

### III.  SECTION 1983

Jones sues under § 1983 for alleged violation of his constitutional rights.  That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States[.]" *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and

(2) the deprivation occurred under color of state law.  *See, e.g., Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Jones alleges that Officer Martin violated the Fourth Amendment when he seized the baggie of methamphetamine from Jones's car and arrested him without probable cause.  In considering whether a complaint states a claim under Fed. R. Civ. P. 12(b)(6), a court may consider the allegations in the complaint and any attachments thereto.  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).  Here, Jones attached Officer Martin's report to his complaint, and the Court may consider it in assessing Jones's claim.  (*See* Dkt. No. 3 at 8-11.)

While the Court is bound to accept Jones's factual allegations as true at this stage, it is not required to "credit conclusory allegations or allegations that merely restate the legal elements of a claim."  *Robles v. Ciarletta*, 797 F. App'x 821, 831 (5th Cir. 2019) (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).  And conclusory allegations are practically all Jones presents separate from the attached police report.  Jones asserts in conclusory fashion that Officer Martin violated the Fourth Amendment by opening his car door without Jones's knowledge or consent and arrested Jones without probable cause.  (*See* Dkt. No. 3 at 7.)  He provides no factual allegations raising any right to relief above a speculative level.  And, to the extent Jones believes the facts in the police report to support his claim, any confidence is misplaced.

Indeed, the facts recorded in the report establish that Officer Martin's search of the car and seizure of the controlled substance comported with the Fourth Amendment. Officer Martin documented that, while he stood outside the vehicle, he was able to look down through an open window and see a clear plastic baggie containing a white crystal substance, which he believed based on his training and experience to be methamphetamine. (Dkt. No. 3 at 8.) At that point, probable cause justified a warrantless search of Jones's car and seizure of the suspected methamphetamine. *See, e.g.*, *United States v. Perkins*, No. 23-40356, 2024 WL 3375541, at *2 (5th Cir. July 11, 2024) (unpublished) (holding officer's observation inside car of what he recognized as marijuana based on training and experience justified search). The controlled substance presence in the car door, Jones's ownership of and operation of the car, and his *res gestae* admission that the item was his were sufficient to establish probable cause for Jones's arrest.

An objective assessment of Jones's complaint demonstrates that he fails to state a plausible claim against Officer Martin for violation of the Fourth Amendment. Because Jones's claims against Sheriff Beavers and ADA Beckham are premised on the same allegations underlying his arrest, those claims, too, must fail.

### IV. PROSECUTORIAL IMMUNITY

Jones's claim against ADA Beckham is also precluded by the doctrine of prosecutorial immunity. A prosecutor is absolutely immune from civil liability for decisions made in connection with initiating and pursuing criminal prosecutions. *See*

*Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Jones sues Beckham for making the decision to charge him with drug possession, which is a quintessential prosecutorial function. (*See* Dkt. No. 3 at 3, 5-6); *Bevill v. Wheeler*, 103 F.4th 363, 381 (5th Cir. 2024) ("[P]rosecutors are not entitled to immunity simply based on their title; instead, courts look to the functional nature of the activities of which the plaintiff complains." (internal quotation marks omitted)); *Beard v. Wolf*, No. CIV.A. 13-4772, 2014 WL 3687236, at *3 (E.D. La. July 23, 2014) ("[T]he protection of absolute prosecutorial immunity is at its zenith when charging decisions are involved."). Because Jones sues Beckham based on her decision to charge him with an offense, his claim is precluded by prosecutorial immunity and cannot survive judicial screening.

## V.  *HECK* BAR

Additionally, Jones's revocation of supervised release provides an adequate and independent basis for dismissing his lawsuit. Under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), "a plaintiff convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Sampy v. Rabb*, 144 F.4th 796, 799 (5th Cir. 2025) (quoting *Heck*, 512 U.S. at 487). The Fifth Circuit has applied *Heck* to claims that call into question the

validity of a probation revocation. *See Cougle v. Cnty. of DeSoto, Miss.*, 303 F. App'x 164, 165 (5th Cir. 2008) (citing *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)).

*Heck* requires that Jones's complaint be dismissed if success on his claim necessarily would impugn the validity of his supervised-release revocation. *See Sampy*, 144 F.4th at 799. That is the case here. Taking notice of the record in Case No. 205, *see United States v. Huntsberry*, 956 F.3d 270, 284–85 (5th Cir. 2020), the undersigned sees that on June 14, 2024, a violation petition was filed alleging that Jones was arrested by Crandall Police Department on September 24, 2023, for a third-degree felony offense of drug possession. (Case No. 205, Dkt. No. 83 at 3.) After a hearing on the petition, Judge Means revoked Jones's supervised release, in part based on his finding that Jones unlawfully possessed drugs in September 2023. (Case No. 205, Dkt. No. 101 at 1.)[2] Jones's "allegations of unlawful search and arrest. . . , if true, would necessarily imply the invalidity of [his supervised release revocation], which was based, at least in part, on the same search and arrest." *See Cougle*, 303 F. App'x at 165. Because Jones has not demonstrated that the revocation of his supervised release has been reversed or otherwise set aside, his complaint may also be dismissed as *Heck*-barred. *See id.*

---

[2] The matching Crandall Police Department case number in the petition and revocation hearing exhibit list corroborate that Judge Means's revocation judgment is based on the allegations underlying Jones's lawsuit. (*See* Dkt. No. 3 at 9; Case No. 205, Dkt. Nos. 83 at 3, 100.)

## VI.  RECOMMENDATION

The Court should **DISMISS** Jones's complaint, received on May 30, 2025 (Dkt. No. 3), with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief may be granted, which dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3] The Court should **DISMISS** Jones's *Heck* claims with prejudice until the conditions of *Heck* are met.

**SO RECOMMENDED** on September 3, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).